GILES LITHOGRAPHIC AND LIBERTY PRINTING COMPANY
*vs.* CALEB CHASE & another.

Suffolk.   March 22, 1889. — June 20, 1889.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, & HOLMES, JJ.

*Contract — Acceptance — Waiver.*

A contract for printing business cards for a firm was made subject to its acceptance of a "finished proof." The printer sent a proof to the firm, which it examined and approved, and returned with directions to print. After the cards were printed a material misprint was discovered, which both the printer and the firm had overlooked in the proof, and thereupon the firm refused to receive the cards. *Held,* that the firm must be taken to have ordered cards corresponding to the proof, and that it was liable for the price.

CONTRACT to recover the price of printing five hundred thousand advertising cards for the defendants. Trial in the Superior Court, without a jury, before *Lathrop*, J., who found for the plaintiff, and reported the case for the determination of this court, in substance as follows.

The plaintiff is a New York corporation doing business in the city of New York. The defendants are copartners, doing business in Boston under the firm name of Chase and Sanborn. In July, 1887, one Power, an agent of the plaintiff, solicited an order from the defendants to lithograph for them a million of advertising cards, at the price of two dollars per thousand. Each card was to have a picture on one side, and an advertisement of the defendants on the other, and was to be printed from manuscript to be furnished by the defendants. On July 11, 1887, the plaintiff wrote to the defendants acknowledging the receipt of the order. On July 13, the defendants wrote to the plaintiff as follows: " In reply to yours of the 11th inst., would say that the order given Mr. Power was conditional, one· of the conditions being that the order was subject to our acceptance of a finished proof, at which time the order was to be given in regular form. We write you this that there may be no misunderstanding in regard to the same." The plaintiff replied to this letter on July 15, 1887: " Replying to your favor of the 13th inst., will say that your order given conditional to the satisfactory proof was regular, as that is applied to all orders given in lithography." This was all the correspondence between the parties at that time. On October 13, 1887, the number of cards to be printed was changed by mutual consent from one million to five hundred thousand.

Subsequently the defendants sent the following manuscript to the plaintiff: " There is no finer coffee in the world than the Java and Mocha imported, roasted, and packed in 2 lb. air-tight tin cans by Chase and Sanborn, Boston, Mass. A perfect blend of Private Plantation Java and Arabian Mocha, elegant in flavor and rich in strength. Beware of imitations, none genuine without our trade-mark and signature. Always packed in 2 lb. tin cans, never sold in bulk. Insist upon having this brand." Through the negligence of the plaintiff, the words in the manuscript, " Private Plantation Java and Arabian Mocha," were so

set up as to read "Private Plantation and Java Arabian Mocha."
The proof-reader of the plaintiff. negligently overlooked this
error, and a proof was sent to the defendants, corresponding
with the manuscript copy furnished by them except that the
word "Java" and the word "and" were transposed as above
shown. The defendants examined the proof, but through negli-
gence did not discover the mistake, marked the proof "O. K.,"
and returned it to the plaintiff, directing it to go ahead and
print. By so marking the proof, the defendants intended to
signify their approval of it. The plaintiff, on receiving the
proof so marked, printed by lithography five hundred thousand
cards. When the cards were ready for delivery, the plaintiff
wrote to the defendants notifying them of the fact, and request-
ing shipping directions. The defendants thereupon requested
that a few cards should be sent to them. This was done, and
the defendants then for the first time discovered the mistake,
and refused to receive the rest of the cards, and tendered back
those which they had received. The plaintiff duly tendered
the rest of the cards, and demanded payment according to the
contract.

The defendants contended that they were entitled to a "fin-
ished proof" of the card, and that they did not receive it until
they received the finished cards above referred to. The plain-
tiff contended that the defendants were entitled only to a "satis-
factory proof." The judge found that, although the proof sent
was not technically a "finished proof," the defendants accepted
it as a compliance with the contract.

On these facts, the defendants asked the judge to rule that,
under the pleadings, the plaintiff was not entitled to recover.
The judge declined so to rule, found for the plaintiff, and re-
ported the case for the determination of this court. If on the
facts found the ruling was wrong, judgment was to be entered
for the defendants, or a new trial was to be granted, as law and
justice might require; otherwise, judgment was to be entered for
the plaintiff upon the finding.

*W. B. French*, for the defendant.

*F. W. Proctor*, for the plaintiff.

W. ALLEN, J. This is an action of contract to recover the
price of printing advertising cards for the defendants. The

defendants gave to one Power, a soliciting agent of the plaintiff, an order for the printing of one million cards, at two dollars a thousand, from manuscript to be furnished by the defendants. The defendants afterwards wrote to the plaintiff as follows : " In reply to yours of the 11th inst., would say that the order given to Mr. Power was conditional, one of the conditions being that the order was subject to our acceptance of a finished proof, at which time the order was to be given in regular form. We write you this that there may be no misunderstanding in regard to the same." The plaintiff replied, " Will say that your order given conditional to the satisfactory proof was regular, as that is applied to all orders given in lithography." The defendants subsequently sent to the plaintiff the manuscript to be printed, and the plaintiff put it in print and sent a proof to the defendants, which was examined and returned by them to the plaintiff, marked " O. K.," to signify their approval of it, with directions to " go ahead and print." The plaintiff accordingly printed the whole number of cards ordered, and after they were printed, the defendants discovered that a material misprint had been made by transposing two words, so that the proof of the printed cards differed materially in meaning from the manuscript. The defendants refused to receive the cards. The plaintiff tendered them, and demanded payment.

The report finds that both parties were negligent in not discovering the mistake, and that the plaintiff was negligent in making it, but that finding does not seem to be material. We think that the contract of the plaintiff was to furnish cards according to the finished proof. The plaintiff was to put the manuscript in print, and submit a proof to the defendant, but the order for printing the cards was not to be given until the proof was accepted. The plaintiff was to furnish a sample of the printed card, and, if it was satisfactory, the defendants were to order the cards according to the sample. If there was an error in the sample, the defendants were not obliged to accept it ; but if they accepted it, and ordered the cards to be furnished, they must be taken, by the construction of the agreement, to have ordered cards corresponding to the sample.

*Judgment for the plaintiff on the finding.*